Salema Bell YOUNG, Individually and on behalf of all others similarly situated, Plaintiffs-Appellants,

v.

C. Robbie ROBINSON, d/b/a Robbie & Son Paint & Body Shop et al., Defendants-Appellees.

No. 76–2780.

United States Court of Appeals, Fifth Circuit.

Dec. 4, 1978.

Alan A. Alop, Duval County Legal Aid Assoc., Michael J. Berman, Kent R. Spuhler, Jacksonville, Fla., for plaintiffs-appellants.

Bernard McLendon, Asst. Atty. Gen., Dept. of Legal Affairs, Civil Div., Tallahassee, Fla., Edward A. Dempsey, Jr., Jacksonville, Fla., Susan E. Mole, Asst. Atty. Gen., Dept. of Legal Affairs, Civil Div., Tallahassee, Fla., for defendants-appellees.

Before JONES, RONEY and TJOFLAT, Circuit Judges:

JONES, Circuit Judge:

The appellant, Salema Bell Young, took her automobile to the appellee, C. Robbie Robinson, an automobile repairman, to have work done and repairs made. The car was in Robinson's shop for quite a long time during which some work was done and some repairs were made. Payments were received by Robinson from the appellant from time to time. After having the car for nearly four years, Robinson requested the appellant to pay a balance which he claimed she owed and to pick up the car. The appellant learned, so she asserts, that work which should have been done had not been done, that the car had not been painted and corroded chrome stripping had not been replaced as agreed.

Robinson claimed a lien upon the automobile pursuant to the Florida Statutes [1] and sought to foreclose the lien by the strict foreclosure provisions of another Florida Statute.[2] Notice was given, the statutory form of a sale was held and Robinson was the successful bidder in the amount of his claim. Thereafter Robinson applied to Ralph Davis, the Executive Director of Highway Safety and Motor Vehicles of the State of Florida, for the issuance of a certificate of title pursuant to the Florida Statute.[3] The Executive Director issued a

---

1. Liens prior in dignity to all others accruing thereafter shall exist in favor of the following persons, upon the following described personal property under the circumstances hereinafter mentioned in part II of this chapter. Part II of this chapter is limited to liens on personal property and their enforcement and related matters. Fla.Stat. § 713.50.

\* \* \* \* \* \*

In favor of persons performing labor or services for any other person, upon the personal property of the latter upon which the labor or services is performed, or which is used in the business, occupation, or employment in which the labor or services is performed. Fla.Stat. § 713.58(1).

2. Any motor vehicle which is stored in a garage or storage space subject to instructions by any law enforcement agency and which remains unclaimed or for which reasonable towing or storage charges remain unpaid may be sold by the owner or operator of the garage or storage space after 45 days from the time the vehicle is deposited in the garage or storage space. The sale shall be at public auction for cash. Notice of the sale shall be given to the person in whose name the vehicle is registered and to all persons claiming a lien on the vehicle shown on the records of the division of motor vehicles or the corresponding agencies in any other state. The notices shall be by registered or certified mail addressed to the owner of the vehicle and the person having a recorded lien on the vehicle at the address shown on the records of the registering agency and shall be mailed not less than 15 days before the date of the sale. After diligent search and inquiry if the name and address of the registered owner or the owner of the recorded lien cannot be ascertained, the requirements of notice by mail may be dispensed with. In addition to the notice by mail, public notice of the time and place of sale shall be made by publishing a notice thereof one time, at least 10 days prior to the date of the sale, in a newspaper of general circulation in the county in which the sale is to be held or by notices posted for 10 days in three public places in the county, one of which shall be at the courthouse, and another in some conspicuous part of the garage or storehouse. The proceeds of the sale, after payment of reasonable towing and storage charges, the costs of the sale, and costs of repair, shall be deposited with the clerk of the circuit court for the county, if the owner is absent, where they shall remain, subject to the order of the person legally entitled thereto. The clerk shall be entitled to receive 5 percent on such proceeds for the care and disbursement thereof. The certificate of title issued under this law shall be discharged of all liens except those registered with the division of motor vehicles. Any person claiming a lien under s. 713.58 of part II of chapter 713 may enforce it by sale without judicial proceedings in the manner set forth herein after 30 days after the time the charges for which a lien is claimed became due. Fla. Stat. § 85.031(3).

3. In the event of the transfer of ownership of a motor vehicle by operation of law . . . ., or whenever a motor vehicle is sold to satisfy storage or repair charges, . . . . the depart-

certificate of title to Robinson. The appellant, individually and on behalf of all others similarly situated, brought an action against Robinson, the repairman, and against Davis, individually and as Executive Director of Highway Safety and Motor Vehicles of the Safety and Motor Vehicles of the State of Florida, seeking injunctive and declaratory relief under 28 U.S.C.A. § 1343(3), 28 U.S.C.A. § 2202 and 42 U.S.C.A. § 1983 and the empaneling of a Three Judge Court. By the complaint Mrs. Young sought a determination that the Florida Statutes providing for enforcement of the lien of an automobile repairman and the issuance of a certificate of title is in violation of the Due Process clause of the Fourteenth Amendment to the Federal Constitution. The defendants filed separate motions to dismiss. The district court denied the request for a Three Judge Court and granted the motions to dismiss. From its judgment this appeal was taken.

Citing *Goosby v. Osser*, 409 U.S. 512, 93 S.Ct. 854, 859, 35 L.Ed.2d 36, for the principle that a Three Judge Court will not be convened if the constitutional question is insubstantial, the district court stated the rule that a claim is insubstantial if its unsoundness so clearly results from prior judicial decisions " 'as to foreclose the subject and leave no room for the inference that the question sought to be raised can be the subject of controversy.' " The district court decided that the claim of Mrs. Young was insubstantial and that *Sniadach v. Family Finance Corporation*, 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349, and *Fuentes v. Shevin*, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556, foreclosed the subject. The district judge denied the request for the convening of a Three Judge Court and entered a judgment dismissing the action. Mrs. Young has appealed.

If it is here decided that the district court correctly decided that the complaint does not state a claim upon which relief can be granted the Three Judge Court issue is not reached.

The district court referred to *Sniadach* and *Fuentes* as holding that the due process requirement is met if the owner of the automobile could have had a due process day in court by initiating litigation, seeking an injunction against the sale. This Court is to determine, at the outset, whether or not the claim of unconstitutionality is insubstantial. If this Court agrees with the district court that the claim is insubstantial then the question is reached as to whether the complaint states a justiciable claim. If it be here decided that the claim is not insubstantial the issue is for a Three Judge Court and the labor of this Court in this cause is at an end.

In *Fuentes*, supra, it was held, "that the Florida and Pennsylvania prejudgment replevin provisions work a deprivation of property without due process of law insofar as they deny the right to a prior opportunity to be heard before chattels are taken from their possessor." 407 U.S. 67, 96, 92 S.Ct. 1983, 2002, 32 L.Ed.2d 556. It can be said very plausibly that a Florida statute which provides for the foreclosure of a repairman's lien by the sale of property entrusted to another by the owner is invalid. Tribe, American Constitutional Law 522. Since the district court's judgment in this cause the Third Circuit Court of Appeals has held that a statute authorizing the sale of an automobile to satisfy a repairman's lien did not meet due process requirements. *Parks v. "Mr. Ford"*, 3 Cir., 556 F.2d 132. The claim of Mrs. Young meets the test of not insubstantial and qualifies for this phase of the Three Judge jurisdictional requirements.

The district court held that an automobile owner who is given notice that his car is to be sold for the repairman's charges can institute litigation to enjoin the sale. In responding to such a doctrine it might be

---

ment, upon the surrender of the prior certificate of title, or when that is not possible, upon presentation of satisfactory proof to the said department of ownership and right of possession to such motor vehicle, and upon payment of the fee prescribed by law, and presentation of an application for certificate of title, may issue to the applicant a certificate of title thereto. Fla.Stat. § 319.28(1)(a).

urged that if the owner was unable or unwilling to pursue such a course the car would be sold without judicial sanction. The question is a proper one for a Three Judge Court.

Having decided that the constitutional question was insubstantial the district court did not find it necessary to decide whether the other requirements for a Three Judge Court were met. The statute[4] requires that injunctive relief be sought as a condition to the convening of a Three Judge Court. The prayer in the complaint of Mrs. Young is adequate to meet the requirement of the statute.

In order for a Three Judge Court to be convened injunctive relief must be sought against a state officer. It is claimed that, although the title of the Executive Director indicates that he is a state officer, he is in fact only a ministerial agent and not such an officer as is contemplated by the Federal statute. The contention that the Executive Director plays no real part in the transfer of the title to a motor vehicle is untenable. The title certificate, issued by the Executive Director, is an evidence of ownership without which the sale or encumbrance of a vehicle is a near impossibility. The Executive Director is a state officer.

A Three Judge Court was sought and should have been convened. So that this may be done the judgment of the district court will be vacated and the cause remanded.

VACATED AND REMANDED.